FILED

JUN 11 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

ROBERT CRITCHLOW,

        Plaintiff - Appellant,

v.

KATE E. CRITCHLOW and BARBARA L. WANER,

        Defendants - Appellees.

</td><td>

No. 13-15572

D.C. No. 3:12-cv-01198-LB

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Submitted June 9, 2015[**]
San Francisco, California

Before: SCHROEDER, D.W. NELSON, and IKUTA, Circuit Judges.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Robert Critchlow appeals the district court's dismissal of his complaint against his stepmother, Kate Critchlow, and her attorney, John Waner,[1] for breach of fiduciary duty, fraud, and conversion. He also appeals the district court's denial of his motion to amend the judgment. We have jurisdiction under 28 U.S.C. § 1291. The judicially created probate exception to federal court jurisdiction does not apply to these claims, because they do not "involve the administration of an estate, the probate of a will, or any other purely probate matter." *Marshall v. Marshall*, 547 U.S. 293, 312 (2006) (internal quotation mark omitted).

The district court did not err in taking judicial notice of Robert Critchlow's Safe Harbor Petition and attached exhibits filed in the Sonoma County Superior Court. *See* Fed. R. Evid. 201(b). The district court did not improperly consider the statements in those documents for "the truth of the facts recited therein." *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001) (internal quotation marks omitted). Accordingly, the court's decision to take judicial notice of these documents did not convert Robert Critchlow's motion to dismiss into a motion for summary judgment. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005,

---

[1] John Waner died during the pendency of this appeal. We granted Robert Critchlow's motion to substitute John Waner's wife, Barbara A. Waner, as defendant. Dkt. Entry 20 filed Nov. 12, 2013.

2

1016 n.9 (9th Cir. 2012). The district court did not otherwise consider matters beyond the pleadings.

The district court did not err in concluding that Robert Critchlow's claim against Kate Critchlow for breach of fiduciary duty was subject to a three-year statute of limitations under California Probate Code § 16460. *See Noggle v. Bank of Am.*, 70 Cal. App. 4th 853, 859 (1999). Because the Second Amended Complaint alleged breach of fiduciary duty under provisions of the California Probate Code, and Robert Critchlow's claims are based on alleged violations of his rights as a beneficiary under the Critchlow Family Trust, the district court properly characterized the claims as claims against a trustee by a beneficiary. It is undisputed that Robert Critchlow's fraud and conversion claims against Kate Critchlow and John Waner are also subject to a three-year statute of limitations. *See* California Code of Civil Procedure § 338(c) and (d).[2]

The district court did not err in concluding that the three-year statute of limitations on each of Robert Critchlow's claims began to run in November 2008. Robert Critchlow's Safe Harbor Petition includes statements to the effect that Kate

---

[2] Because Robert Critchlow did not raise a claim against John Waner for breach of fiduciary duty in his Second Amended Complaint, this claim is waived on appeal. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

Critchlow failed to file an original, signed copy of Warren Critchlow's will for improper purposes, and that she may have committed fraud on the court and violated her fiduciary duties as trustee. Such statements establish that in November 2008, Robert Critchlow had a "suspicion of wrongdoing" on the part of Kate Critchlow and was aware of his injury and its "negligent cause." *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1109, 1111 (1988); *see also Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005) (explaining California's "discovery rule"). Under these circumstances, Robert Critchlow's breach of fiduciary duty claim also began to accrue in November 2008, even though Kate Critchlow had not repudiated the trust. *See Strasberg v. Odyssey Grp., Inc.*, 51 Cal. App. 4th 906, 918 (1996). Because each of Robert Critchlow's claims was subject to a three-year statute of limitations that began to run in November 2008, and he filed his complaint in March 2012, the district court did not err in dismissing his claims as untimely.

The district court did not abuse its discretion in denying Robert Critchlow's motion to amend its judgment pursuant to Rule 52 of the Federal Rules of Civil Procedure. The district court correctly held that Rule 52 does not apply in this context, because it permits a court to amend its findings in bench trials. Further, to the extent that the motion is construed as a motion for reconsideration under Rule

4

59 of the Federal Rules of Civil Procedure, the district court did not abuse its discretion in rejecting it because Robert Critchlow alleged no new facts in support of his request to amend his complaint, the court had not clearly erred in its analysis, and the court had correctly applied the standards of Federal Rule of Civil Procedure 12(b)(6).[3] *See SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010).

**AFFIRMED.**

---

[3] We deny Kate Critchlow and John Waner's motion for sanctions against Robert Critchlow. Dkt. Entry 30 filed Dec. 11, 2013; Dkt. Entry 31 filed Dec. 17, 2013.